Frank E. McDevitt v. Commissioner.
Frank E. McDevitt v. Commissioner
Docket No. 41903.
United States Tax Court
1954 Tax Ct. Memo LEXIS 284; 13 T.C.M. (CCH) 193; T.C.M. (RIA) 54068; March 5, 1954
*284 Dependency credits denied petitioner for failure to show actual cost of children's support in 1948. Frank E. McDevitt, 617 35th Street, Rock Island, Ill., pro se. Merl B. Peek, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency in income tax of $313, with interest, against Frank E. McDevitt for the calendar year 1948. The only question for our determination is whether the petitioner is entitled to claim his three children as dependents in the calendar year 1948. The petitioner's income tax return for 1948 was filed with the collector of internal revenue for the district of Iowa. Findings of Fact Petitioner is an individual residing in Rock Island, Illinois. During 1948 he resided in Davenport, Iowa. He and Margaret McDevitt were married for 15 years prior to 1948. They had three children: Doris, Wayne, and Joyce, whose ages in 1948 were 12, 8, and 6, respectively. While living with his wife and three children immediately prior to his divorce, the petitioner spent $50 each week for family living expenses. Of this amount $25 a month went to pay off a loan on the family house *285 in Davenport, Iowa. During 1948 the petitioner and his wife jointly owned the house in which petitioner's wife and three children lived. The house had an estimated rental value of $50 a month. On February 14, 1948, the petitioner's wife obtained a divorce from him. The divorce decree awarded custody of their three children to the wife and required the petitioner to pay for the support of the children $25 a week from February 21 until September 1, 1948, and $20 a week thereafter. As each child became 16 years old the payments were to be reduced by one-third. The divorce decree required also that the wife pay off the mortgage on the family house out of the petitioner's support payments. A further requirement of the divorce decree was that petitioner pay off an improvement loan on the family house in the amount of $160. During January and a part of February 1948, the petitioner lived with his wife and three children and provided the children's support. After their parents' divorce the three children lived with their mother in the family house. During the rest of 1948 the petitioner made the weekly payments required by the divorce decree and paid $128.52 on the loan for improvements *286 to the family house. For 1948 the petitioner's gross income was $3,470.55. For the same year his former wife earned $1,881.90. In his return for 1948 the petitioner claimed his three children as dependents. The respondent disallowed the claimed dependencies and asserted a deficiency against the petitioner of $313 plus interest. Opinion To be entitled to dependency credits for his three children the petitioner has the burden of showing that he contributed over one half their support in 1948, and that each child's gross income for the year was less than $500. [1] The respondent contends that the petitioner has failed to sustain this burden of proof because he has not shown what the actual cost of the children's support was in 1948. The petitioner estimated the cost of his children's support in 1948 on the basis of what it cost him to support his whole family in years prior to 1948. He testified that prior to 1948 he spent $50 a week for the living expenses of his family (petitioner, his wife, and three children). Of this amount $25 a month was used to pay a loan on the family house. The petitioner showed also that after his divorce his three children continued to live with their *287 mother in the family house, and he stated that, as far as he knew, no hospital bills or unusual expenses were incurred on the children's behalf in 1948. His payments for the upkeep of his children, as required by the divorce decree, totalled approximately $1,000 in 1948. A part of this money was to be used by his former wife to meet the payments on a mortgage on their jointly owned home, but we are uninformed as to whether any of these payments were made. The petitioner also supported his children during January and a part of February 1948. We consider this evidence insufficient to sustain the burden of proof required of the petitioner. Evidence of support costs in prior years is inadequate to show what was actually expended for the children's support in 1948. We are well aware of the petitioner's difficulty in showing the actual cost in 1948 for the upkeep of his three children when they lived during most of that year with their mother, who also claims to be their chief *288 support. However, we cannot substitute our own estimate based on costs in prior years for the required showing of actual cost of support in 1948. Decision will be entered for the respondent. Footnotes
1. Section 25 (b) (1) (D) and (b) (3) (A), Internal Revenue Code↩. Section 310 of the Revenue Act of 1951, 65 Stat, 487, increased to $600 the amount of gross income permitted a dependent.